ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MATTHEW OREN,

                Appellant,

    -against-

ZACHARY B. KASS,
as Chapter 11 Trustee of
Anita Terrace Owners, Inc.,

                Appellee.

-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-04-4297

*Appearances:*
For the Plaintiff:
MATTHEW OREN, *pro se*
77-17 138th Street
Flushing, NY 11367

For the Defendant:
ROBERT A. WOLF, Esq.
VADIM J. RUBINSTEIN, Esq.
1290 Avenue of the Americas
New York, NY 10104

**BLOCK, District Judge:**

    On September 23, 2005, the Court issued a Memorandum and Order ("M&O") dismissing *pro se* plaintiff Matthew Oren's ("Oren") appeals from four orders of the Bankruptcy Court for the Eastern District of New York. In its M&O, familiarity with which is assumed, the Court determined that Oren lacked standing to appeal the Bankruptcy Court's Fee Order, and dismissed Oren's appeals from the Bankruptcy Court's Confirmation Order and its denial of two Orders to Show Cause as both moot and barred

1

by the doctrine of equitable mootness. *See* Mem. at 13-14, 17. Judgment was entered on September 29, 2005. On October 14, 2005, Oren filed the instant motion for rehearing pursuant to Fed. R. Bankr. P. 8015. Appellee, Trustee Zachary Kass ("Kass"), opposes the motion on the grounds that it is both untimely and without merit. For the reasons set forth below the Court deems the motion timely filed, but denies the motion on its merits.

## I. Timeliness of Motion

"When a district court is acting as an appellate court in a bankruptcy case, 'Bankruptcy Rule 8015 provides the sole mechanism for a rehearing.'" *Butler v. Merchants Bank & Trust Co.*, 2 F.3d 154, 155 (5th Cir. 1993) (citing *Eichelberger v. Eaton*, 943 F.2d 536, 538 (5th Cir. 1991)); *see also Harris v. Albany County Office*, 2005 WL 388590 at *1 (N.D.N.Y. Feb. 16, 2005) ("Bankruptcy Rule 8015 provides the only means for challenging bankruptcy appellate dispositions by district courts...."). Bankruptcy Rule 9006(a), and not Fed. R. Civ. P. 6, governs the computation of time periods for a motion made pursuant to Rule 8015. *Butler*, 2 F.3d at 156; *see also In re The Singer Co.*, 2002 WL 10452 at *1-2 (S.D.N.Y. Jan. 3, 2002) (stating that "[p]recedent in this court and elsewhere makes clear that Fed. R. Bankr. P. 9006(a) governs the computation of time periods in bankruptcy proceedings").

Rule 8015 provides that a motion for rehearing must be filed within 10 days after entry of the judgment of the district court. Pursuant to Rule 9006(a), "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation" of a time period prescribed in a rule of bankruptcy procedure only when the time period is "less than eight days." When the last day of a time period falls on a weekend or legal holiday,

2

however, the appellant will be given until the next business day to file a timely motion. Judgment in this case was entered on September 29, 2005, and the 10-day period for filing a motion for rehearing, including intermediate weekends and holidays, would therefore have expired on October 9, 2005. Because October 9 was a Sunday, however, and the following Monday was a legal holiday, Oren had until Tuesday, October 11, 2005 to file a timely motion for rehearing. Oren's motion was filed on October 14, 2005, and is therefore untimely, unless an extension of time for filing is warranted.

Rule 9006(b)(1)(2) provides that a court may in its discretion extend the time period required by a rule of bankruptcy procedure "on motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." The Supreme Court has held that the determination whether a party's neglect was excusable within the meaning of Rule 9006(b) "is at bottom an equitable one, taking into account all relevant circumstances surrounding a party's omission." *Pioneeer Investment Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Oren's motion for reconsideration indicates that he was incorrectly informed by the *pro se* office prior to filing his motion that, pursuant to Fed. R. Civ. P. 6, weekends and holidays would be excluded from the 10-day period within which the motion was required to be filed. *See* Appellant's Mot. at 2. The Court will therefore construe Oren's

motion for reconsideration to include a motion pursuant to Rule 9006(b)(1)(2) to extend the time for filing made after expiration of the original period. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1998) (holding that courts must "read [*pro se* papers] liberally, and . . . interpret them to raise the strongest arguments that they suggest"). Because Oren demonstrated a good-faith effort to comply with the relevant procedural rules, and his motion would have been timely if the computation rule set forth in Fed. R. Civ. P. 6 were applicable, and because Kass does not argue that the debtor would be prejudiced by granting Oren an extension, the Court retroactively grants the motion to extend the time for filing until October 14, 2005, and deems Oren's motion for rehearing to be timely.

## II. Merits of Motion

Although the Court considers Oren's motion to be timely filed, it is without merit. "While the standard for granting a motion [for rehearing] under Rule 8015 is not set forth in the rule itself, the notes direct attention to Rule 40 of the Federal Rules of Appellate Procedure. . . . Rule 40 provides that the appellant must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." *Broward Title Co. v. Matrix Capital Bank*, 321 B.R. 614, 626 (E.D.N.Y. 2004) (citations and quotation marks omitted). *See also In re Wingspread Corp.*, 186 B.R. 803, 807 (S.D.N.Y. 1995) (applying standard set forth in Rule 40 of the Federal Rules of Appellate Procedure to motion for rehearing under Bankruptcy Rule 8015). "The purpose of a petition for rehearing is to direct the court's attention to some material matter of law or fact which it has overlooked in deciding the case, and which, had it been given

consideration, would probably have brought about a different result." *New York v. Sokol*, 1996 WL 428381 at *4 (S.D.N.Y. July 31, 1996). None of the legal or factual arguments advanced by Oren in support of his motion are those that were overlooked by the Court or would alter the conclusions reached in its M&O.

## A. Dismissal of Appeal from the Fee Order

The Court concluded that Oren lacked standing to appeal the Fee Order because the entry of the Fee Order did not "directly and adversely" affect Oren pecuniarily, and because Oren would not benefit financially if the Fee Order were overturned. *See* M&O at 13. Oren does not argue that the Court misstated the law in this circuit governing standing to appeal an order of the Bankruptcy Court; instead, he asserts that the Court overlooked facts that give him standing. In particular, Oren argues that if the Order confirming the Trustee's plan is reversed, and if Oren's plan is subsequently confirmed by the Bankruptcy Court, Oren would then be required to pay the Trustee's fee. Even assuming that this speculative chain of events amounts to a "fact" that the Court overlooked, it is patently insufficient to confer standing upon Oren under the controlling legal standard, and its consideration would not have affected the Court's conclusion that Oren lacks standing to challenge the Fee Order.

## B. Dismissal of Appeal from Confirmation Order and Orders to Show Cause

In its M&O the Court also concluded that Oren's appeals from the Confirmation Order and denial of the two Orders to Show Cause were moot except to the extent that Oren sought to challenge the good faith purchaser status of Pinnacle LLC

("Pinnacle"), the winning bidder for the debtor's assets; the Court thereafter determined that Oren's arguments that Pinnacle was not a good faith purchaser were without merit. *See* Mem. at 15-16. The Court also concluded that Oren's appeals should be dismissed because at the time of his appeal the bankruptcy plan had been substantially consummated, and Oren had not met his burden of demonstrating that his appeals should not be barred by the doctrine of equitable mootness. *See* Mem. at 19.

Again, Oren does not argue that the Court overlooked any controlling legal principles in concluding either that Pinnacle was a good faith purchaser and that Oren's remaining appeals were moot, or that the appeals were in any event barred by the doctrine of equitable mootness. With respect to the Court's determination that the appeals were equitably moot, Oren simply rehashes his argument that equitable mootness should not bar his appeals because the Court could overturn the Confirmation Order incorporating Pinnacle's winning bid without upsetting the other transactions that were dependent upon the consummation of the sale to Pinnacle. In its M&O the Court expressly considered this argument and determined that Oren was not entitled to relief from the doctrine of equitable mootness because reversing the sale to Pinnacle would require the unraveling of many dependent transactions, and would affect the re-emergence of the debtor as a revitalized corporate entity. M&O at 18-19. Oren's desire to revive and re-litigate an argument that the Court has already considered and rejected is not grounds for granting a motion for rehearing.

With respect to the Court's determination affirming the Bankruptcy Court's

finding that Pinnacle was a good faith purchaser and that the appeals were moot, Oren attempts to present a number of factual arguments, including what he characterizes as "newly discovered evidence," which he argues demonstrate that Pinnacle was not a good faith purchaser. With the exception of this "newly discovered evidence," the factual arguments advanced by Oren in his motion for rehearing were considered and ultimately rejected by the Court as grounds for relief in its M&O, and their repetition does not constitute a basis for granting Oren's motion for rehearing.

In arguing that new evidence of Pinnacle's actions following the sale of the debtor's assets indicate that Pinnacle was not a good faith purchaser, Oren states that "Pinnacle took unfair advantage of competitors in economically justifying their alternate refinance plan 'bid' by intending to commit, and actually now perpetrating after closing, a fraud." Appellant's Mot. at 4. The "fraud" described by Oren is an alleged violation of a "prohibition against illegally evicting nonpurchasing tenants at the end of their leases solely by reason of the expiration of their leases, and in harassing other tenants and shareholders generally." *Id.* As the Court explained in its M&O, the status of a good faith purchaser is determined by the "integrity of his conduct *during the course of the sale proceedings* .... A purchaser's good faith is lost by 'fraud, collusion between purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders,' and does not extend to an attack on a purchaser's 'general business practices.'" M&O at 15 (citing *In Re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) (emphasis added)). Although Oren points to conduct following the sale which he asserts demonstrates that

Pinnacle should be deprived of good faith purchaser status, he fails to point to any facts that were overlooked by the Court and that would demonstrate Pinnacle's lack of good faith *during* the auction process. Moreover, the allegation that Pinnacle is now "illegally evicting... tenants" does not amount to the type of "fraud, collusion, ... or attempt to take grossly unfair advantage" that courts have held will deprive a purchaser of good faith status. *See In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) (stating that the "good faith requirement prohibits fraudulent, collusive actions specifically intended to affect the sale price or control the outcome of the sale" and does not extend to include an "attack on [the purchaser's] general business practices"). Thus, even if the Court determined that this 'new evidence' constituted facts overlooked by the Court in reaching its decision, it would not alter the Court's conclusion that Pinnacle was a good faith purchaser within the meaning of the relevant bankruptcy provisions.

### III.

The Court retroactively grants Oren an extension of time to file his motion for rehearing and considers the motion as timely; however, the Court dismisses the motion on its merits.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
November 1, 2005